IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GILBERT CAMPA, | Cause No. CV 09-00064-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER GRANTING CAMPA'S MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| STEVE THUESEN, Attorney at Law; INGRID ROSENQUIST, District Attorney; SHEILA KOLAR, District Attorney, | |
| Defendants. | |

Pending is Plaintiff Gilbert Campa's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1) and proposed civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (Court's Doc. No. 2).

I. STATEMENT OF THE CASE

    A.    Jurisdiction

Campa filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged federal constitutional violations relating to alleged discovery violations during his various criminal proceedings in Yellowstone County, Montana. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    B.    Parties

Campa is a state prisoner incarcerated at Yellowstone County Detention Facility.

The named Defendants are: Steve Thuesen, Attorney at Law; Ingrid Rosenquist, District Attorney; and Sheila Kolar, District Attorney.

    C.  Campa's Allegations

Campa alleges his criminal defense attorney, Steven Thuesen, failed to provide him with discovery prior to his trial on May 5, 2008. Similarly, he contends he did not receive his discovery from the State or Thueson until two days before his March 30, 2009, criminal trial.

Finally, he alleges he did not receive his discovery on his third criminal charge until February 4, 2009, when he had been requesting it since May 2008.  (Court's Doc. No. 2–Complaint, p. 4, ¶ IV(A)(1)).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Campa submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Campa must pay the statutory filing fee of $350.00.  Because the current balance of Campa's account is not known, the initial partial filing fee will be waived.  Campa must make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the agency having custody of Campa will be directed to forward payments from Campa's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Campa's Complaint is deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was

delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## III.  PRESCREENING

### A.  Standard

As Campa is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of the complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

B. Analysis

Campa's has failed to name a proper party defendant.  Therefore, his claims will all be recommended for dismissal.  With regard to Mr. Thuesen, the Ninth Circuit has held that by virtue of the Supreme Court's decision in Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).  Even if Campa could prove ineffective assistance of counsel, he cannot state a § 1983 claim for damages against his criminal defense lawyer Steven Thuesen because there would be no state action. See also Cox v. Hellerstein, 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).

In addition, a state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is

immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431.  Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside his or her role as an advocate, such as acting as a complaining witness.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (prosecutor's act of personally certifying truthfulness of statements in an application for an arrest warrant not protected by absolute immunity).  Campa's allegations against District Attorneys Rosenquist and Kolar stem from their activities intimately associated with the judicial phase of the criminal process.  Discovery decisions are clearly part of their duty in presenting the State's case and as such are protected by immunity.  Nothing in Campa's allegations suggest District Attorneys Rosenquist and Kolar stepped out of their role as attorneys for the County.  See Kalina, 522 U.S. 118; Imbler, 424 U.S. at 430.  Therefore, District Attorneys Rosenquist and Kolar are entitled to absolute prosecutorial immunity.

C.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three

or more actions in federal court that were dismissed for frivolousness,

maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The

Court designates this case as a "strike" under this provision because

Campa failed to state a claim against a proper party Defendant.

D.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in
> the district-court action, or who was determined to be
> financially unable to obtain an adequate defense in a
> criminal case, may proceed on appeal in forma pauperis
> without further authorization, unless:
>> (A) the district court-before or after the notice of
>> appeal is filed-certifies that the appeal is not taken in
>> good faith or finds that the party is not otherwise
>> entitled to proceed in forma pauperis and states in
>> writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.  Campa's failure to name a proper party is so clear no reasonable person could suppose an appeal would have merit.  Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court issues the following:

ORDER

1.  Campa's Motion for Leave to Proceed in forma pauperis (Court's Doc. No. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is

DEEMED FILED on May 29, 2009.

3.  At all times during the pendency of this action, Campa SHALL
IMMEDIATELY ADVISE the Court of any change of address and its
effective date.  Such notice shall be captioned "NOTICE OF CHANGE
OF ADDRESS."  The notice shall contain only information pertaining to
the change of address and its effective date, except if Campa has been
released from custody, the notice should so indicate.  The notice shall
not include any motions for any other relief.  Failure to file a NOTICE
OF CHANGE OF ADDRESS may result in the dismissal of the action
for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

RECOMMENDATION

1.  Campa's Complaint (Court's Doc. No. 2) should be
DISMISSED.  The Clerk of Court should be directed to close this
matter and enter judgment pursuant to Rule 58 of the Federal Rules of
Civil Procedure.

2.  The Clerk of Court should be directed to have the docket
reflect that this dismissal counts as a strike pursuant to 28 U.S.C. §

1915(g) based upon Campa's failure to state a claim against a proper party defendant.

3.   The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written

objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 19th day of June, 2009.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge