```
                                                      FILED
                                                   BILLINGS DIV.
       IN THE UNITED STATES DISTRICT COURT
                                                 2009 SEP 14 PM 2 10
         FOR THE DISTRICT OF MONTANA             PATRICK E. DUFFY, CLERK
                                                 BY _____
                BILLINGS DIVISION                      DEPUTY CLERK
```

| | |
|---|---|
| GILBERT CAMPA, | ) |
| | ) CV-09-64-BLG-RFC |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| STEVE THUESEN, Attorney at Law; | ) AND RECOMMENDATIONS OF |
| INGRID ROSENQUIST, District | ) U.S. MAGISTRATE JUDGE |
| Attorney; SHEILA KOLAR, District | ) |
| Attorney, | ) |
| | ) |
| | ) |
| Respondents. | ) |
| | ) |

On June 19, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 4*) with respect to Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (*Doc. 2*). Magistrate Judge Ostby recommends that the Complaint should be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection on June 30, 2009. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and

1

Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Plaintiff has failed to name a proper party defendant. The Ninth Circuit has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2002) (en banc).

In addition, a state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Plaintiff's allegations against District Attorneys Rosenquist and Kolar stem from their activities intimately associated with the judicial phase of the criminal process and they are entitled to absolute prosecutorial immunity.

2

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (*Doc. #2*) is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58, F.R.Civ. P.

**IT IS FURTHER ORDERED** that the docket shall reflect that this dismissal counts as a strike, pursuant to 28 U.S.C. § 1915(g), based upon Plaintiff's failure to state a claim against a proper party defendant. Additionally, the docket shall reflect that this Court certifies, pursuant to F.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this ___14___ day of September, 2009.

_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE